# Exhibit "A"

|  | **SUM-100** |
|---|---|
| **SUMMONS** <br> *(CITACION JUDICIAL)* | **FOR COURT USE ONLY** <br> *(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
NISSAN NORTH AMERICA, INC.; and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JAVIER TREJO, an individual; and ELIZABETH I. TREJO, an individual

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/28/2025 4:02 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Williams, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Stanley Mosk Courthouse - Unlimited <br> 111 North Hill Street, Los Angeles CA 90012 | CASE NUMBER: <br> *(Número del Caso):* <br> **25STCV05720** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Eleazar D. Kim, Esq. (SBN 297876) Downtown L.A. Law Group 612 South Broadway Los Angeles CA 90014 (213) 358-6428

DATE: 02/28/2025                             Clerk, by   David W. Slayton, Executive Officer/Clerk of Court, Deputy
*(Fecha)*                                     *(Secretario)*  D. Williams                                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).*)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* NISSAN NORTH AMERICA, INC.
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

**EXHIBIT A-5**

Electronically FILED by
Superior Court of California,
County of Los Angeles
2/28/2025 4:02 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Williams, Deputy Clerk

ELEAZAR D. KIM (SBN 297876)
eleazar@downtownlalaw.com
MATT XIE (SBN 317942)
matt@downtownlalaw.com
**DOWNTOWN L.A. LAW GROUP**
612 South Broadway
Los Angeles, CA 90014
Telephone: (213) 358-6428
Facsimile: (877) 389-2775
Email: servicewarranty@downtownlalaw.com

Attorneys for Plaintiffs,
JAVIER TREJO, an individual; and ELIZABETH I. TREJO, an individual

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JAVIER TREJO, an individual; and ELIZABETH I. TREJO, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> NISSAN NORTH AMERICA, INC.; and DOES 1 through 10, inclusive <br><br> Defendants. | Case No.: 25STCV05720 <br><br> UNLIMITED JURISDICTION <br><br> **COMPLAINT FOR VIOLATION OF STATUTORY OBLIGATIONS (SONG-BEVERLY CONSUMER WARRANTY ACT CA CIVIL CODE §§ 1790-1795.8)** <br><br> **DEMAND FOR JURY TRIAL** |

- 1 -
COMPLAINT

EXHIBIT A-6

1  TO THE HONORABLE COURT AND DEFENDANTS HEREIN:

2      COMES NOW Plaintiffs, JAVIER TREJO and ELIZABETH I. TREJO, (hereinafter
3  referred to as "Plaintiffs"), for causes of action against Defendants, NISSAN NORTH AMERICA,
4  INC. ("NNA" or "Defendant NNA") and DOES 1 through 10, inclusive, as follows:

## PARTIES

6      1.    As used in this Complaint, the word "Plaintiffs" shall refer to Plaintiffs, JAVIER
7  TREJO and ELIZABETH I. TREJO.

8      2.    Plaintiffs, are, and at all times mentioned herein were, residents in the State of
9  California.

10     3.    Defendant NNA is, and at all times mentioned herein was, a corporation organized
11 and in existence under the laws of the State of California and registered with the California
12 Department of Corporations to conduct business in the State of California. Defendant NNA is, and
13 at all times mentioned herein was, engaged in the design, manufacture, construction, assembly,
14 marketing, sale, and distribution of automobiles, motor vehicles and other related components and
15 services in Los Angeles County, California. Manufacturer NNA is also in the business of selling
16 written warranties to the public at large through a system of privately owned service and repair
17 shops.

18     4.    Plaintiffs are ignorant of the true names and/or capacities, whether individual,
19 corporate, associate, or otherwise, of defendants DOES 1 through 10, inclusive, and each of them.
20 Plaintiffs will amend this Complaint and state the true names and/or capacities of said fictitiously
21 named defendants when the same have been ascertained.

## GENERAL ALLEGATIONS

23     5.    On or about September 1, 2021, in exchange for valuable consideration, Plaintiffs
24 purchased a 2020 Nissan Leaf (hereinafter "Vehicle"), manufactured and/or distributed by
25 Defendant, with corresponding Vehicle Identification Number 1N4BZ1BP4LC308361.
26     6.    The total amount paid and payable, incidental and consequential damages and civil
27 penalties exceeds $25,000.

28

- 2 -
**COMPLAINT**

EXHIBIT A-7

7. Plaintiffs purchased the Vehicle primarily for personal, family, or household purposes.

8. Plaintiffs purchased the Vehicle from a person or entity in the business of manufacturing, distributing, or selling consumer goods at retail.

9. Plaintiffs received an express written warranty in which Defendant NNA undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time. The warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period, Plaintiffs could deliver the Vehicle for repair services to a repair shop and the Vehicle would be repaired.

10. After Plaintiffs took possession of the Vehicle and during the warranty period, the Vehicle contained or developed defects, listed below, that substantially impair the use, safety, and/or value of the Vehicle.

11. During the warranty period, the Vehicle contained or developed defects, including, but not limited to the following:

    a. Defective body system;

    b. Defective powertrain system;

    c. Defective safety system;

    d. Defective electrical system;

    e. Defective braking system;

    f. Defective noise system; and

    g. Any additional complaints made by Plaintiffs, whether or not they are contained in the records or on any repair orders.

12. The defects listed above violate the express written warranties issued by Defendant NNA, as well as the implied warranty of merchantability.

13. Plaintiffs provided Defendant NNA sufficient opportunity to service or repair the Vehicle.

14. Defendant NNA was unable and/or failed to service or repair the Vehicle within a reasonable number of attempts.

15. Said defects have substantially impaired the safety, use and/or value of the Vehicle.

16. Said defects could not have been discovered by Plaintiffs prior to Plaintiffs' acceptance of the Vehicle.

17. Plaintiffs have been and will continue to be financially damaged due to Defendant's failure to comply with the provisions of the express and implied warranties.

## FIRST CAUSE OF ACTION

## BY PLAINTIFFS AGAINST DEFENDANT NNA,

## VIOLATION OF SUBDIVISION (d) OF CIVIL CODE SECTION 1793.2

18. Plaintiffs re-allege and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 17, inclusive, of the General Allegations, above.

19. Plaintiffs presented the Vehicle for repair to Defendant NNA for various defects that substantially impair the safety, use and/or value of the Vehicle.

20. Defendant NNA has been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of opportunities. Despite this fact, Defendant failed to promptly replace the Vehicle or make restitution to Plaintiffs as required by Civil Code section 1793.2, subdivision (d) and Civil Code section 1794, subdivision (a).

21. Plaintiffs have been damaged by Defendant NNA's failure to comply with its obligations pursuant to Civil Code section 1793.2, subdivision (d), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

22. Defendant NNA's failure to comply with its obligations under Civil Code section 1793.2, subdivision (d) was willful, in that Defendant NNA was aware that it was unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendant NNA failed and refused to promptly replace the Vehicle or make restitution. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code section 1794, subdivision (c).

23. Plaintiffs seek civil penalties pursuant to section 1794, subdivisions (c), and (e) in the alternative and does not seek to cumulate civil penalties, as provided in Civil Code section 1794, subdivision (e)(5).

## SECOND CAUSE OF ACTION
## BY PLAINTIFFS AGAINST DEFENDANT NNA,
## VIOLATION OF SUBDIVISION (b) OF CIVIL CODE SECTION 1793.2

24. Plaintiffs re-allege and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 23, inclusive, of the General Allegations, above.

25. Although Plaintiffs presented the Vehicle to Defendant NNA, Defendant NNA failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b). Plaintiffs did not extend the time for completion of repairs beyond the 30-day requirement.

26. Plaintiffs have been damaged by the manufacturer, Defendant NNA's failure to comply with its obligations pursuant to Civil Code section 1793.2(b), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

27. Plaintiffs have rightfully rejected and/or justifiably revoked acceptance of the Vehicle, and has exercised a right to cancel the sale. By serving this Complaint, Plaintiffs does so again. Accordingly, Plaintiffs seek the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price. In the alternative, Plaintiffs seek the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiffs believes that, at the present time, the Vehicle's value is *de minimis*.

28. Defendant NNA's failure to comply with its obligations under Civil Code section 1793.2(b) was willful, in that Defendant was aware that it was obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet it failed to do so. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code section 1794(c).

- 5 -
COMPLAINT

EXHIBIT A-10

### THIRD CAUSE OF ACTION

### BY PLAINTIFFS AGAINST DEFENDANT NNA,

### VIOLATION OF SUBDIVISION (a)(3) OF CIVIL CODE SECTION 1793.2

29.  Plaintiffs re-allege and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 28, inclusive, of the General Allegations, above.

30.  In violation of Civil Code section 1793.2, subdivision (a)(3), Defendant NNA failed to make available to the privately owned service and repair shops sufficient service literature and replacement parts to effect repairs during the express warranty period. Plaintiffs have been damaged by Defendant NNA's failure to comply with its obligations pursuant to Civil Code section 1793.2(a)(3), and therefore brings this Cause of Action pursuant to Civil Code section 1794.

31.  Defendant NNA's failure to comply with its obligations under Civil Code section 1793.2, subdivision (a)(3) was willful, in that Defendant NNA knew of its obligation to provide literature and replacement parts sufficient to allow the privately owned service and repair shops to effect repairs during the warranty period, yet Defendant NNA failed to take any action to correct its failure to comply with the law. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages; pursuant to Civil Code section 1794(c).

### FOURTH CAUSE OF ACTION

### BY PLAINTIFFS AGAINST DEFENDANT NNA,

### BREACH OF EXPRESS WRITTEN WARRANTY

### CIVIL CODE SECTION 1791.2 SUBDIVISION (a); SECTION 1794

32.  Plaintiffs re-allege and incorporates herein by reference each and every allegation and statement contained in paragraphs 1 through 31, inclusive, of the General Allegations, above.

33.  In accordance with Defendant NNA's warranty, Plaintiffs delivered the Vehicle to Defendant NNA and/or the privately owned service and repair shops in this state to perform warranty repairs. Plaintiffs did so within a reasonable time. Each time Plaintiffs delivered the Vehicle, Plaintiffs notified Defendant NNA and/or the privately owned service and repair shops of the characteristics of the defects. However, Defendant NNA and/or the privately owned service

1  and repair shops failed to repair the Vehicle, breaching the terms of the written warranty on each
2  occasion.

3      34.   Plaintiffs have been damaged by Defendant NNA's failure to comply with its
4  obligations under the express warranty, and therefore brings this Cause of Action pursuant to
5  Civil Code section 1794.

6      35.   Defendant NNA's failure to comply with its obligations under the express warranty
7  was willful, in that Defendant NNA was aware that it was obligated to repair the Defects, but they
8  intentionally refused to do so. Accordingly, Plaintiffs are entitled to a civil penalty of two times
9  of Plaintiffs' actual damages pursuant to Civil Code section 1794(c).

10  **FIFTH CAUSE OF ACTION**
11  **BY PLAINTIFFS AGAINST DEFENDANT NNA,**
12  **BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY**
13  **CIVIL CODE SECTION 1791.1; SECTION 1794**

14      36.   Plaintiffs re-allege and incorporates herein by reference each and every allegation
15  and statement contained in paragraphs 1 through 35, inclusive, of the General Allegations, above.

16      37.   Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied by
17  Defendant NNA's implied warranty of merchantability. Pursuant to Civil Code section 1791.1, the
18  duration of the implied warranty is coextensive in duration with the duration of the express written
19  warranty provided by Defendant NNA, except that the duration is not to exceed one-year.

20      38.   Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability
21  means and includes that the Vehicle will comply with each of the following requirements: (1) The
22  Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is
23  fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately
24  contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations
25  of fact made on the container or label.

26      39.   On or about the date Plaintiffs acquired the Vehicle, or within one-year thereafter,
27  the Vehicle contained or developed the defects set forth above. The existence of each of these
28  defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without

1  objection in the trade under the contract description, (2) is not fit for the ordinary purposes for
2  which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does
3  not conform to the promises or affirmations of fact made on the container or label.

4     40.    Plaintiffs have been damaged by Defendant's failure to comply with its obligations
5  under the implied warranty, and therefore brings this Cause of Action pursuant to Civil Code
6  section 1794.

### PRAYER

PLAINTIFFS PRAY for judgment against Defendant as follows:

   a. For Plaintiffs' actual damages in the amount according to proof at trial;
   b. For restitution;
   c. For a civil penalty in the amount of two times Plaintiffs' actual damages pursuant to Civil Code section 1794, subdivision (c) or (e);
   d. For any consequential and incidental damages;
   e. For costs of the suit and Plaintiffs' reasonable attorneys' fees pursuant to Civil Code section 1794, subdivision (d);
   f. For prejudgment interest at the legal rate; and
   g. For such other relief as the Court may deem proper.

### DEMAND FOR JURY TRIAL

Plaintiffs hereby demands a jury trial on all causes of action asserted herein.

Dated: February 28, 2025

**DOWNTOWN L.A. LAW GROUP**

By: _____
Eleazar D. Kim, Esq.
Matt Xie, Esq.
Attorneys for Plaintiffs,
JAVIER TREJO and ELIZABETH I. TREJO